1     E-Filed 4/27/16

2

3

4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7     DALLAS BUYERS CLUB LLC,              Case No.  16-cv-00859-HRL

8              Plaintiff,

                                          **ORDER GRANTING EX PARTE**
9         v.                              **MOTION TO CONDUCT LIMITED**
                                          **DISCOVERY**
10    DOE-73.170.32.155,
                                          Re: Dkt. Nos. 5, 17
11             Defendant.

12          Plaintiff Dallas Buyers Club LLC ("DBC") holds the copyright to the movie *Dallas Buyers*

13    *Club*.  Dkt. No. 1 at 2.  DBC sues an unknown defendant for copyright infringement that was

14    allegedly committed in Palo Alto when the defendant shared copies of *Dallas Buyers Club*

15    through online file-sharing software.  Dkt. No. 1 at 5-11.  DBC moves the court for leave to

16    conduct limited discovery—service of a subpoena on Comcast—in order to learn the name and the

17    address of the Comcast subscriber whose account was allegedly used to commit copyright

18    infringement. Dkt. No. 5.  DBC has also filed a second motion that is substantially the same as the

19    first.  Dkt. No. 17.

20          The court, for the reasons discussed below, grants the first motion and denies as moot the

21    second motion.

22                                  **Discussion**

23          Discovery ordinarily may not take place before the defendant has been served, but a

24    district court has discretion to permit limited early discovery for good cause shown.  *E.g.*, *Apple*

25    *Inc. v. Samsung Electronics Co., Ltd.*, 5:11-cv-01846, 2011 WL 1938154 at 1 (N.D. Cal. May 18,

26    2011). The Ninth Circuit has specifically prescribed how a plaintiff should justify a request to

27    conduct limited early discovery for the purpose of identifying an absent defendant who allegedly

28    violated the law over the internet. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 577-78

United States District Court
Northern District of California

United States District Court
Northern District of California

1    (9th Cir. 1999). A district court should review whether the plaintiff has satisfied four

2    requirements: (1) the plaintiff "should identify the missing party with sufficient specificity" to

3    permit the court to determine that the defendant is a person or entity who can be sued in federal

4    court, *id.* at 578; (2) the plaintiff should "identify all previous steps taken to locate the elusive

5    defendant" so the court can verify the plaintiff made a good-faith effort to find and serve the

6    defendant, *id.* at 579; (3) the plaintiff "should establish to the [c]ourt's satisfaction that" the case

7    "could withstand a motion to dismiss," *id.* at 579 (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642

8    (9th Cir. 1980)); and (4) the plaintiff's request for discovery should "justify[] the specific

9    discovery requested" and should also identify "a limited number of persons or entities" who might

10   be served in order to seek information that will lead to the identification of the defendant, *id.* at

11   580. The court's decision should fairly balance "the need to provide injured parties with a[] forum

12   in which they may seek redress for grievances" against "the legitimate and valuable right to

13   participate in online forums anonymously or pseudonymously." *Id.* at 578.

14          The court is satisfied that DBC, for good cause shown, should be permitted to subpoena

15   Comcast for the name and address of the subscriber who has been assigned IP address

16   73.170.32.155 by Comcast. DBC identified the missing defendant with sufficient specificity—the

17   person in Palo Alto who allegedly used BitTorrent to share copies of *Dallas Buyers Club* and who

18   accessed the internet through the Comcast account that had been assigned IP address

19   73.170.32.155. Dkt. No. 1 at 3; Dkt. No. 5 at 4. DBC has listed the steps it took to investigate the

20   defendant's identity and has explained why it cannot feasibly identify the defendant without

21   limited early discovery. Dkt. No. 1 at 3-5; Dkt. No. 5 at 5. DBC has also satisfied the court that

22   its case could withstand a motion to dismiss. A copyright infringement claimant must show it

23   owns the allegedly infringed material and that an exclusive right granted to copyright holders

24   under 17 U.S.C. § 106 has been infringed upon. *E.g.*, *Perfect 10, Inc. v. Amazon.com, Inc.*, 508

25   F.3d 1146, 1159 (9th Cir. 2007). DBC has fairly alleged that it owns the copyright to *Dallas*

26   *Buyers Club*. Dkt. No. 1 at 2. DBC has also fairly alleged that the defendant, without

27   authorization, has copied and distributed that movie in violation of DBC's exclusive rights to

28   control the creation and distribution of new copies. Dkt. No. 1 at 3-5; *see* 17 U.S.C. § 106(1), (3).

2

1   Finally, DBC specifically seeks leave to discover only the name and address of an unknown

2   Comcast subscriber who is likely to either be or else know the name of the defendant, and DBC

3   asks to subpoena only Comcast in order to obtain that subscriber's name and address.  Dkt. No. 5

4   at 2.  The undersigned is therefore persuaded that the need to provide DBC with a forum where it

5   has a real opportunity to seek redress for its grievances outweighs the defendant's legitimate

6   interest in using the internet anonymously.  *Accord Dallas Buyers Club, LLC v. DOE-*

7   *73.202.228.252*, 5:16-cv-00858-PSG, Dkt. No. 13 at 13 (N.D. Cal. Mar. 23, 2016) (granting an ex

8   parte motion for leave to conduct limited discovery).

9                                        **Conclusion**

10          DBC has shown good cause to justify limited early discovery.  The court therefore grants

11   DBC leave to file, no later than May 4, 2016, a proposed subpoena and a proposed order that

12   would approve the proposed subpoena.  The proposed order should also specify that DBC will

13   serve a copy of this order along with the subpoena.  The court denies as moot DBC's duplicative

14   second motion.  Dkt. No. 17.

15          **IT IS SO ORDERED.**

16   Dated: 4/27/16

17

18   _____

19   HOWARD R. LLOYD
     United States Magistrate Judge

20

21

22

23

24

25

26

27

28

3